

ISSUED



## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

OVERDRIVE, INC.
8555 Sweet Valley Drive, Suite A
Cleveland, OH 44125,

Plaintiff,

vs.

MEDIABAY.COM, INC.
c/o Patricia M. Silver, General Counsel
2 Ridgedale Avenue
Cedar Knolls, NJ 07927,

Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

CASE NO. **02CV1753**

JUDGE **JUDGE GAUGHAN**
**MAG. JUDGE BAUGHMAN**

**COMPLAINT FOR INJUNCTIVE
RELIEF, DECLARATORY JUDGMENT,
AND MONETARY DAMAGES**

**JURY DEMAND ENDORSED HEREON**

### INTRODUCTION

Plaintiff brings this action seeking a declaration that plaintiff's conduct has not

infringed upon or has otherwise violated and does not infringe upon or otherwise violate

any the rights to a patent hereinafter described as the "Freeny patent" and further,

through supplemental jurisdiction, plaintiff seeks injunctive relief and monetary

damages against the defendant for breach of non-competition provisions of an

agreement between the parties, and for other relief.

Page -1-

**JURISDICTION**

1.     Plaintiff's complaint raises a question arising under the Constitution and laws of the United States of America and jurisdiction of this Court is invoked per 28 U.S.C. §1331 and 28 U.S.C. §1338(a)(providing this Court with exclusive, original subject matter jurisdiction over controversies arising under patent laws without regard to amount in controversy) and through the Federal Declaratory Judgment Act, 28 U.S.C. §2201 and Fed.R.Civ.Proc. 57.

2.     Plaintiff invokes this Court's supplemental jurisdiction, 28 U.S.C. §1367(a), over plaintiff's state-law claims that are related to claims in this action.

**VENUE**

3.     This matter is properly venued as events and circumstances giving rise to plaintiff's Complaint occurred within the Northern District of Ohio, Eastern Division.

**THE PARTIES**

4.     Plaintiff OverDrive, Inc., is a corporation organized under the laws in the state of Delaware having its principal place of business in the state of Ohio.

5.     To plaintiff's knowledge and belief, defendant MediaBay.com, Inc. is a corporation organized under the laws in the state of Delaware, having its principal place of business in the state of New Jersey.

**OPERATING FACTS**

6.     Among its activities, plaintiff OverDrive, Inc. has developed and operates an Internet digital content wholesale and distribution service ("Content Reserve").

7.    Plaintiff OverDrive, Inc. has developed and operates a system of software, internet systems, databases for digital rights management, technology and digital media download fulfillment services, and other download services ("OverDrive systems").

8.    The Content Reserve software and other OverDrive Systems developed and maintained by OverDrive, Inc. is for use with electronic or digital files including audio-book, spoken-work, e-book, and print-on-demand computer files.

9.    Plaintiff OverDrive, Inc. licenses, for a fee, its Content Reserve products permitting a publisher to facilitate the sale of digital products through retail web sites.

10.    Plaintiff OverDrive, Inc. resells its Content Reserve products to authorized retailers enabling them to resell digital products through its Internet retail web sites.

11.    In licensing its Content Reserve and OverDrive Systems, plaintiff OverDrive, Inc. represents and warrants to its licensees that it (OverDrive, Inc.) has the necessary ownership and intellectual property rights to the Content Reserve software and Content Reserve products to grant such licenses.

12.    On July 19, 2001, plaintiff OverDrive, Inc. and defendant MediaBay.com, Inc. entered into a Content Reserve™ Retailer Agreement ("Agreement").

13.    A true copy of the Agreement is attached as plaintiff's Exhibit 1.

14.    Paragraph 3.1 of the Agreement recognizes that:

> OverDrive, Inc. has developed Content Reserve as
> an Internet-based system that permits Retailer
> [MediaBay.com, Inc.] to facilitate the resale of digital
> products through Retailer's Retail Website. Content
> Reserve manages its service through a system of
> databases and software it has developed, and by
> employing third[-]party software for the copyright
> protection of digital content using Digital Rights
> Management (DRM) technologies. Retailer seeks to

Page -3-

access Content Reserve to utilize its database and
marketing data and act as a Reseller of digital content
from Content Reserve for sale at Retailer's website
("Retail Website").

15.    Paragraph 10.8 of the Agreement provides:

Retailer agrees that during the term of this
Agreement, Retailer will not, directly or indirectly,
develop, have an ownership interest in, consult, train
or engage others to develop, any computer program,
software product or Internet service that is primarily
designed to compete with Content Reserve and
Content Reserve Software. Retailer shall be
permitted to resell, integrate, upgrade and otherwise
represent and market competitive products to Content
Reserve and Content Reserve Software, and develop
or program external programs to assist or enhance
the Software or competitive products.

16.    Paragraph 16.9 of the Agreement provides:

The parties to this Agreement recognize that a
remedy at law for a breach of the provisions of this
Agreement relating to confidential information, use of
OverDrive's trademark, copyright, and other
intellectual property rights, and/or [n]on-competition,
will not be adequate for OverDrive's protection, and
accordingly OverDrive shall have the right to obtain, in
addition to any other relief and remedies available to
it, injunctive relief to enforce the provisions of this
Agreement.

17.    Paragraph 16.13 of the Agreement provides:

Any legal action brought concerning this Agreement
or any dispute hereunder, including but not limited to
an action to enforce or challenge an arbitration award,
shall be brought only in the courts of the State of
Ohio, USA, in the County of Cuyahoga, or in the
federal courts located in such state (and county).
Both parties shall submit to venue and jurisdiction in
these courts. In the event that an action or claim
arises outside of the exclusive jurisdiction specified

> herein which names OverDrive as a party, Retailer
> agrees to initiate, consent to and/or cooperate with
> any and all efforts to remove the matter to the
> exclusive jurisdiction named herein, or otherwise take
> any and all reasonable actions to achieve OverDrive's
> objectives of this provision.

18.     Upon information and belief, defendant MediaBay.com, Inc. claims that as
of June 19, 2002, it obtained an exclusive field-of-use license to United States Patent
No. 4,528,643 ("the '643 patent"), and commonly referred to as the "Freeny patent" for
audio-book, spoken-work, e-book, and print-on-demand markets.

19.     Upon information and belief defendant MediaBay.com, Inc.'s claims to
have received assignment of claims for alleged infringement of the '643 patent for
audio-book, spoken-work, e-book, and print-on-demand markets, including claims of
infringements occurring before June 19, 2002.

20.     Defendant MediaBay.com, Inc. issued news releases claiming that it is the
only company that can legally offer downloads of spoken audio products and E-books
for sale and transfer to a mobile device or storage media and that it will pursue
infringement claims against persons and entities such as plaintiff OverDrive, Inc. and its
licensees.

21.     By letter dated August 26, 2002 ("August 26, 2002 letter"), defendant
MediaBay.com, Inc. informed plaintiff OverDrive, Inc. of an alleged infringement upon
the '643 patent.

22.     A true copy of the August 26, 2002 letter is attached as Exhibit 2.

23.     Within the August 26, 2002 letter, MediaBay.com, Inc. wrote:

> I would appreciate your contacting me within ten (10)
> days from the date hereof to discuss a license and

Page -5-

remedying the past infringement.   [MediaBay.com,
Inc.] would rather amicably resolve this matter than
seek court intervention.

24.     Defendant MediaBay.com, Inc.'s claimed exclusive field-of-use license of

the '643 patent constitutes an "ownership interest in, * * * any computer program,

software product or Internet service that is primarily designed to compete with

[OverDrive, Inc.'s] Content Reserve and Content Reserve Software."

### FIRST CAUSE OF ACTION

25.     Plaintiff incorporates as if fully re-written paragraphs 1-24.

26.     Defendant MediaBay.com, Inc. has initiated other actions alleging

infringement of the '643 patent.

27.     Per the August 26, 2002 letter, plaintiff has reason to believe that

defendant MediaBay.com, Inc. will initiate an action alleging plaintiff's infringement of

the '643 patent.

28.     Plaintiff OverDrive, Inc. has not infringed and its activities do not constitute

any infringement upon the '643 patent.

29.     By virtue of the terms, conditions, and covenants contained in the

Agreement, plaintiff OverDrive, Inc. has not infringed and its activities do not constitute

any infringement upon the '643 patent.

30.     By virtue of the terms, conditions, and covenants contained in the

Agreement, defendant MediaBay.com, Inc. is estopped from asserting any claim

against plaintiff OverDrive, Inc. asserting infringement of the '643 patent.

31.    By virtue of the terms, conditions, and covenants contained in the
Agreement, including but not limited to ¶3.1 of the Agreement, defendant
MediaBay,com, Inc. consented to plaintiff OverDrive's use of technology for audio-book,
spoken-work, e-book, and print-on-demand markets regardless whether such
technology falls within the protections granted in the '643 patent.

32.    Plaintiff OverDrive, Inc. seeks judgment of this Court that it has not
infringed upon or has otherwise violated and does not infringe upon or otherwise violate
any rights to the '643 patent and that all licensees of Plaintiff who use or rely upon the
Content Reserve Software and OverDrive Systems are not infringers upon any rights to
the '643 patent.

## SECOND CAUSE OF ACTION

33.    Plaintiff OverDrive, Inc. incorporates as if fully re-written paragraphs 1-32.

34.    Defendant MediaBay.com, Inc.'s claimed exclusive field-of-use license of
the '643 patent violates the terms, conditions and covenants of the Agreement,
specifically ¶10.8, as such is primarily designed to compete with Content Reserve and
Content Reserve Software.

35.    Plaintiff has no adequate remedy at law to remedy the breach by
defendant MediaBay.com, Inc. of its continued interest in the exclusive field-of-use
license of the '643 patent which said defendant uses to compete with plaintiff
OverDrive, Inc.'s Content Reserve and Content Reserve Software.

36.    ¶16.11 of the Agreement provides for the recovery of reasonable attorney
fees to enforce the terms, conditions and covenants of the Agreement.

### THIRD CAUSE OF ACTION

37.    Plaintiff incorporates as if fully re-written paragraphs 1-36.

38.    Defendant MediaBay.com. Inc. knows or with the exercise of reasonable care and diligence should know that plaintiff OverDrive, Inc.'s Content Reserve products have not infringed upon and do not infringe upon the rights, if any, granted said defendant in the exclusive field-of-use license of the '643 patent.

39.    By sending false notices of alleged infringement of the exclusive field-of-use license of the '643 patent to the licensees of plaintiff OverDrive, Inc., defendant MediaBay.com, Inc., without privilege to do so, has intentionally and tortiously interfered and continues to tortiously interfere with the business relationships between plaintiff OverDrive, Inc. and its licensees.

40.    By sending false notices of alleged infringement of the exclusive field-of-use license of the '643 patent to the licensees of plaintiff OverDrive, Inc., defendant MediaBay.com, Inc., has caused and will continue to cause plaintiff to incur expenses in either indemnifying its licensees for defending such false claims and/or in defending such false claims.

41.    By sending false notices of alleged infringement of the exclusive field-of-use license of the '643 patent to OverDrive, Inc. and its licensees of plaintiff OverDrive, Inc., has incurred other damages, evidence of which will be adduced upon the trial of this matter.

Page -8-

**WHEREFORE**, plaintiff OverDrive, Inc., prays for relief from this Court as follows:

A.      A declaration that OverDrive, Inc.'s Content Reserve software and OverDrive Systems have not infringed upon and does not infringe upon the rights, if any, granted defendant MediaBay.com, Inc. to the exclusive field-of-use license of the '643 patent.

B.      A declaration that all licensees, domestically and abroad, who have used, are licensed, and relied upon and who use, are licensed and rely on the Content Reserve software and OverDrive Systems, have not infringed upon and are not infringing upon the rights, if any, granted defendant MediaBay.com, Inc. to the exclusive field-of-use license of the '643 patent.

C.      Injunctiverelief restraining defendant MediaBay.com, Inc. from enjoying the benefits or rights, if any, by and through the exclusive field-of-use license of the '643 patent.

D.      Injunctive relief restraining defendant MediaBay.com, Inc., its agents, employees and assigns from notifying, initiating, maintaining, or otherwise attempting to enforce or enforcing, as against plaintiff OverDrive, Inc. and all its licensees, rights, if any, it (MediaBay.com, Inc.) may have by and through the exclusive field-of-use license of the '643 patent.

E.      Compensatory damages of not less than $10 Million and punitive damages of not less than $25 Million.

F.      Reasonable attorney fees.

G.      Recovery of costs.

H.      Other relief which plaintiff OverDrive, Inc. may receive as is just and equitable.

Lester S. Potash (#0011009)
Attorney for Plaintiff
1717 Illuminating Building
55 Public Square
Cleveland, OH 44113-1901
Tel.: (216) 771-8400
Fax: (216) 771-8404
E-mail: lspotash@earthlink.net

## JURY DEMAND

Plaintiff demands that each and every issue of fact contained herein be tried to a

jury.

Lester S. Potash
Attorney for Plaintiff